1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DISCOVERY PARK COMMUNITY
ALLIANCE, *et al.*,

                            Petitioners,

      vs.

CITY OF SEATTLE,

                          Respondent.

No. 2:19-cv-1105-JCC

CITY OF SEATTLE'S MOTION TO
JOIN THE U.S. ARMY AND SEATTLE
PUBLIC SCHOOLS AS
RESPONDENTS

NOTE ON MOTION CALENDAR:
Friday, October 18, 2019

## I.      INTRODUCTION AND RELIEF REQUESTED

Respondent City of Seattle ("City") respectfully asks this Court to enter an order

directing Petitioners Discovery Park Community Alliance and Elizabeth Campbell

("Petitioners") to amend their petition to join the U.S. Department of the Army ("Army") and

Seattle Public Schools ("SPS")[1] as respondents. *See* Fed. R. Civ. P. 19(a). The Army, as the

owner of the property at issue in this action and the agency implementing the regulations at the

heart of this dispute, is a necessary party under state law and the federal rules. SPS is a necessary

party because it has an interest in defending its ability to seek surplus Ft. Lawton property from

the Army. The Army and SPS are necessary also because this Court cannot accord complete

[1] SPS is formally known as Seattle School District No. 1.

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    relief without them as parties. Because Petitioners have not joined the Army and SPS as parties,

2    this Court should order Petitioners to join the them as respondents.

3                                    **II.    FACTS**

4            This action involves Ft. Lawton, which is owned by the Army and located in Seattle. *See*

5    Land Use Petition ("Petition"), Dkt. # 1-2 at p. 2. The Army is attempting to dispose of

6    Ft. Lawton under the Defense Base Closure and Realignment Act of 1990, known colloquially as

7    the "BRAC Act." Pub. L. No. 101-510, Title 29, Part A (codified as amended in a note following

8    10 U.S.C. § 2687). *See* Dkt. # 1-2 at pp. 4–10 (Petition). Much of the base disposal process is

9    governed by Department of Defense ("DoD") regulations. *See* 32 C.F.R. Parts 174 and 176.[2]

10           In November 2017, SPS and the City entered a "Public Process Partnership Agreement:

11   School District Facilities, Fort Lawton, Memorial Stadium, and Seattle Center." *See* Declaration

12   of Roger Wynne, Exhibit 1. The City agreed to include provisions in its Ft. Lawton

13   redevelopment plan to allow SPS to acquire up to six acres of land for development of park uses.

14   *Id.* at 4.

15           In June 2019, as part of the Ft. Lawton disposal process, the City Council passed: (1) a

16   resolution approving a redevelopment plan to submit to the Army, part of which applies for

17   surplus federal property; (2) an ordinance authorizing an agreement with SPS through which SPS

18   would seek 5–6 acres of that land from the Army for athletic fields to be used jointly by SPS and

19

20

21

22

23   ---
     [2] The Department of Housing and Urban Development ("HUD") is also involved in the process, but its regulations
     are substantively identical to DoD regulations. *Compare* 24 C.F.R. Part 586 (HUD) *with* 32 C.F.R. Part 174 (DoD).

CITY'S MOTION TO JOIN NECESSARY PARTIES - 2
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

the City; and (3) an ordinance rezoning a portion of the property. *See* Dkt. # 1-2 at p. 3 (Petition).[3]

Petitioners allege the City's June 2019 actions are unlawful, claiming they violate DoD's base disposal regulations and state law. *See* Dkt. # 1-2 at pp. 10–21 (Petition). Among other things, Petitioners claim SPS is disqualified from seeking Ft. Lawton property and DoD must follow alternative disposal methods, not its base disposal regulations. *Id*. at pp. 11, 13–14. The Petition does not name the Army or SPS as a party.

### III.   ISSUE PRESENTED

Should this Court enter an order directing Petitioners to join the Army and SPS as respondents?

### IV.   EVIDENCE

For this motion, the City relies on the Petition's relevant factual allegations and the Declaration of Roger Wynne.

### V.   ARGUMENT

"If a person has not been joined as required, the court must order that the person be made a party." Fed. R. Civ. P. 19(a)(2). This Court should order Petitioners to join the Army and SPS as respondents.

**A.   The Army is a necessary party under LUPA and Fed. R. Civ. P. 19(a).**

The Army should be joined as a party under state law and federal rules. Petitioners sued principally under Washington's Land Use Petition Act ("LUPA").[4] *See generally* Dkt. # 1-2

---

[3] The Petition attaches Ord. 125841, which authorized the agreement with SPS, but did not include Attachment A to the ordinance: the form agreement. A copy of Attachment A is included as Exhibit 2 to the Declaration of Roger Wynne.

[4] The City reserves the right to argue LUPA is an improper vehicle for pursuing the relief Petitioners seek.

---

CITY'S MOTION TO JOIN NECESSARY PARTIES - 3
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    (Petition). The subject property's owner must be named a party to any LUPA action.

2    RCW 36.70C.040(2) and .050. The Army owns Fort Lawton. The Army must be a party.

3           The Federal Rules of Civil Procedure also require joinder if: (1) complete relief is

4    impossible among the existing parties; or (2) the absent party has an interest in the action and

5    practically cannot protect that interest from outside the litigation:

6           A person who is subject to service of process and whose joinder will not deprive
            the court of subject-matter jurisdiction must be joined as a party if:

7
            (A) in that person's absence, the court cannot accord complete relief
8           among existing parties; or

9           (B) that person claims an interest relating to the subject of the action and is
            so situated that disposing of the action in the person's absence may:

10
                   (i) as a practical matter impair or impede the person's ability to
11                 protect the interest; or

12                 (ii) leave an existing party subject to a substantial risk of incurring
                   double, multiple, or otherwise inconsistent obligations because of
13                 the interest.

14   Fed. R. Civ. P. 19(a)(1).

15          The second basis for joinder is most acute because, besides its ownership interest in Fort

16   Lawton, the Army has an interest in the proper administration of the DoD process for disposing

17   surplus Army property—a process run by the Army for its own property. *See, e.g.*, 32 C.F.R.

18   § 176.5 (each military department may determine what property is surplus); 32 C.F.R. § 176.20

19   (responsibilities of military departments in the process). That process is governed by DoD

20   regulations Petitioners allege the City violated and the Army misapplied. *See* Dkt. # 1-2 at

21   pp. 10–21 (Petition). The Army's interests could be hampered by rulings interpreting those

22   regulations. The Army should be allowed to protect those interests directly.

23

CITY'S MOTION TO JOIN NECESSARY PARTIES - 4
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

The first basis for joinder is also relevant because, absent the Army, this Court cannot accord complete relief. If not a party, the Army would not be bound by a ruling for Plaintiffs and could continue to apply the DoD regulations contrary to this Court's ruling. For example, Plaintiffs allege any redevelopment plan is time barred and DoD "must proceed to disposing of [Ft. Lawton] through the alternative statutory means available to it." Dkt. # 1-2 at p. 11 (Petition). If this Court agrees, but if the Army is not a party, the Army could lawfully continue to apply the DoD regulations rather than alternative statutory means.

The Army is subject to service of process. *See* 32 C.F.R. §§ 257.5(b) and 516.4(d)(5). Joinder of the Army would not deprive this Court of subject matter jurisdiction.

**B.     SPS is a necessary party under Fed. R. Civ. P. 19(a).**

SPS should be joined under both of Fed. R. Civ. P. 19(a)'s bases. Again, the second basis is most acute because, as memorialized in its 2017 agreement with the City, SPS has an interest in defending its ability to seek surplus Ft. Lawton property from the Army. The Petition questions the lawfulness of SPS's alleged plans. Dkt. # 1-2 at pp. 13–14 (Petition). SPS cannot establish and defend its actual plans from outside this action.

The first basis is also relevant because, absent SPS, this Court cannot accord complete relief. For example, if this Court were to agree with Petitioners that SPS must take other steps before seeking property from the Army, *see* Dkt. # 1-2 at pp. 14–15 (Petition), that ruling would not prevent SPS as a non-party from dealing directly with the Army before taking those steps.

SPS is subject to service of process. *See* RCW 4.28.080(3). Joinder of SPS would not deprive this Court of subject matter jurisdiction.

CITY'S MOTION TO JOIN NECESSARY PARTIES - 5
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## VI.   CONCLUSION

Because the Army and SPS are necessary parties and Petitioners have not joined them, the City respectfully asks the Court to order Petitioners to timely file and serve an amended petition naming the Army and SPS as respondents.

DATED September 27, 2019.

PETER S. HOLMES
Seattle City Attorney

By:    s/Patrick Downs, WSBA # 25276
        s/Roger D. Wynne, WSBA #23399
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7097
Ph: (206) 684-8200
Fax: (206) 684-8284
E-mail: patrick.downs@seattle.gov
        roger.wynne@seattle.gov
*Attorneys for Respondent City of Seattle*

CITY'S MOTION TO JOIN NECESSARY PARTIES - 6
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed this document, the Declaration of Roger Wynne in Support the City of Seattle's Motion to Join the U.S. Army and Seattle Public Schools as Respondents, and the [Proposed] Order Granting City of Seattle's Motion to Join the U.S. Army and Seattle Public Schools as Respondents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

> Allen T. Miller, WSBA # 12936
> Law Offices of Allen T. Miller, PLLC
> 1801 West Bay Drive NW
> Olympia, WA 98502
> Phone: 360-754-9156
> Email: allen@atmlawoffice.com
> *Attorney for Petitioners*

I also certify that on this day I sent a copy of this document via e-mail to the same individual and to mmoc@atmlawoffice.com, lisa@atmlawoffice.com, and andrea@atmlawoffice.com.

Dated September 27, 2019, at Seattle, Washington.

> *s/Alicia Reise*_____
> ALICIA REISE, Legal Assistant

CITY'S MOTION TO JOIN NECESSARY PARTIES - 7
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200