THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DISCOVERY PARK COMMUNITY
ALLIANCE, a community non-profit
corporation, and ELIZABETH CAMPBELL,

               Petitioners,

    v.

CITY OF SEATTLE,

               Respondent.

CASE NO. C19-1105-JCC

ORDER

This matter comes before the Court on Respondent's motion to modify the Court's scheduling order (Dkt. No. 28) and Allen T. Miller's motion to withdraw as counsel for Petitioners (Dkt. No. 27). Having considered the parties' briefing and the relevant record, the Court hereby GRANTS Respondent's motion and RE-NOTES Mr. Miller's motion for the reasons explained herein.

I.    **BACKGROUND**

Petitioners filed this action in King County Superior Court on June 28, 2019. (Dkt. No. 1 at 1.) Respondent subsequently removed the action to this Court on July 17, 2019. (*Id.* at 3.) Following removal, the parties attended a status conference on August 6, 2019, at which the Court issued a scheduling order. (Dkt. No. 9.) Three days later, Petitioners notified the Court that they had terminated their then-counsel, Daniel Frohlich and Thomas Dickson. (Dkt. No. 10.) Mr.

1  Frohlich and Mr. Dickson then moved to withdraw as counsel for Petitioners on August 29,

2  2019. (Dkt. No. 12.) The Court granted the motion on September 19, 2019, (Dkt. No. 14), and

3  Allen T. Miller filed a notice of appearance for Petitioners shortly thereafter, (Dkt. No. 15).

4      Once Petitioners obtained new counsel, Respondent filed a motion to join the United

5  States Department of the Army and the Seattle Public Schools ("SPS") as parties. (Dkt. No. 16.)

6  On November 14, 2019, the Court granted Respondent's motion over Petitioners' objection and

7  ordered Petitioners to file and serve an amended petition naming the Army and SPS as

8  respondents. (Dkt. No. 25 at 5.) Despite the Court's order, Petitioners did not serve the Army or

9  SPS with an amended petitioner. Then, without Petitioners having served the Army or SPS as

10 required by the Court's November 14, 2019 order, Mr. Miller filed a notice of withdraw and a

11 motion to withdraw. (Dkt. Nos. 26–27.)

12     Respondent now asks the Court to (1) vacate the remaining deadlines in the Court's

13 scheduling order; (2) set a new status conference; (3) set a deadline for Petitioners to serve the

14 Army and SPS with an amended petition; and (4) condition Mr. Miller's withdraw on Petitioners

15 first serving the Army and SPS. (*See* Dkt. No. 28 at 5–6.)

16 **II.    DISCUSSION**

17     **A.    Motion to Modify the Court's Scheduling Order**

18         The Court may modify a scheduling order only for good cause. *See* Fed. R. Civ. P.

19 16(b)(4); W.D. Wash. Local Civ. R. 16(b)(5). Good cause exists here. Petitioners have failed to

20 serve the Army or SPS with an amended petition. Once those parties are served, they will need

21 time to adequately prepare. Consequently, the Court VACATES all outstanding deadlines,

22 including the March 23, 2020 trial date, and SETS a status conference for March 3, 2020.

23     **B.    Motion to Withdraw**

24         No attorney shall withdraw an appearance without leave of court if the withdrawal will

25 leave the client without representation. W.D. Wash. Local Civ. R. 83.2(b)(1). An attorney will

26 ordinarily be permitted to withdraw until 60 days before the discovery cut-off date. *Id.* Even

where the discovery cut-off date has passed, the court may permit an attorney to withdraw if a continuance would resolve any prejudice the attorney's client might face. *Russell v. Zoellin*, Case No. C18-0827-JCC, Dkt. No. 55 at 2–3 (W.D. Wash. 2019). Ultimately, the decision to deny or grant counsel's motion to withdraw is within the discretion of the court. *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982).

Mr. Miller offers no explanation for why he wishes to withdraw, (*see generally* Dkt. Nos. 26–27), and there are reasons to deny Mr. Miller's motion. The discovery deadline passed on November 4, 2019. (Dkt. No. 9 at 1.) Dispositive motions were due 13 days after Mr. Miller filed his motion. (*See id.*; Dkt. No. 11.) And although Mr. Miller states that "[n]o motions, hearings, or trial dates have been set or are pending," (Dkt. No. 27 at 2), he is simply incorrect: trial is set for March 23, (Dkt. No. 9 at 1), and Petitioners have not yet complied with the Court's November 14, 2019 order, (Dkt. No. 25 at 5). Consequently, Mr. Miller's withdraw might pose a real risk of prejudice under ordinary circumstances

These circumstances are not ordinary, however. Because of various delays, the Court must reset the case's schedule. Resetting the case's schedule will alleviate any risk of prejudice posed by Mr. Miller's withdraw. That said, Petitioners still need to comply with the Court's November 14, 2019 order and serve the Army and SPS with an amended petition. Until Petitioners serve the Army and SPS, the case cannot move forward. Accordingly, the Court will not grant Mr. Miller permission to withdraw until Petitioners have served the Army and SPS. The Court therefore ORDERS as follows:

1. Petitioners must serve the Army and SPS with an amended Petition within 14 days of this order;

2. Petitioners must promptly notify the Court after they have served the Army and SPS;

3. Once Petitioners have notified the Court that they have served the Army and SPS, the Court will issue a minute order granting Mr. Miller's motion to withdraw; and

1

      4.      The Clerk is DIRECTED to re-note Mr. Miller's motion to withdraw (Dkt. No.

2

            27) for the Court's consideration on February 11, 2020.

3

     Petitioners are warned that if they fail to comply with this order, the Court may dismiss

4

their case. *See* Fed. R. Civ. P. 41(b).

5

**III.**    **CONCLUSION**

6

     For the foregoing reasons, the Court GRANTS Respondent's motion (Dkt. No. 28) and

7

ORDERS as follows:

8

      1.      The Court VACATES all outstanding deadlines, including the March 23, 2020

9

            trial date;

10

      2.      The Court SETS a status conference for March 3, 2020;

11

      3.      Petitioners must serve the Army and SPS with an amended Petition within 14

12

            days of this order;

13

      4.      Petitioners must promptly notify the Court after they serve the Army and SPS;

14

      5.      Once Petitioners notify the Court that they have served the Army and SPS, the

15

            Court will issue a minute order granting Mr. Miller's motion to withdraw; and

16

      6.      The Clerk is DIRECTED to re-note Mr. Miller's motion to withdraw (Dkt. No.

17

            27) for the Court's consideration on February 11, 2020.

18

     DATED this 31st day of January 2020.

19

20

21

                          John C. Coughenour

22

                          UNITED STATES DISTRICT JUDGE

23

24

25

26