The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISCOVERY PARK COMMUNITY ALLIANCE, *et al.*,<br><br>                      Petitioners,<br><br>vs.<br><br>CITY OF SEATTLE, *et al.*,<br><br>                      Respondents. | No. 2:19-cv-1105-JCC<br><br>CITY OF SEATTLE'S AND SEATTLE SCHOOL DISTRICT NO. 1'S MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY<br><br>NOTE ON MOTION CALENDAR: Friday, July 24, 2020 |

## I. INTRODUCTION AND RELIEF REQUESTED

Although Petitioners—three months after being ordered to—filed an amended petition naming the Army as a Respondent, they failed to properly and timely serve the Army, which still has not appeared. Respondents City of Seattle and Seattle School District No. 1 (known as Seattle Public Schools or "SPS") respectfully ask this Court to dismiss this case for failure to join a necessary party or set a deadline by which Petitioners must properly serve the Army.

## II. FACTS

This action involves the Fort Lawton Army Reserve Center ("Fort Lawton"), which is owned by the Army and located in Seattle. *See* Dkt. # 32 at p. 2 (Amended Petition). The Army is attempting to dispose of Fort Lawton under a process dictated by federal statutes and regulations. *See id.* at pp. 4–10.

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY - 1
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

In June 2019, as part of the Fort Lawton disposal process, the Seattle City Council passed: (1) a resolution approving a redevelopment plan to submit to the Army, part of which applies for surplus federal property; (2) an ordinance authorizing an agreement with SPS through which SPS would seek 5–6 acres of that land from the Army for athletic fields to be used jointly by SPS and the City; and (3) an ordinance rezoning a portion of the property. *See id.* at p. 3.

To challenge those three City actions, Petitioners sued the City a year ago. Dkt. # 1-2. Petitioners claim the City, Army, or SPS committed seven errors: five violations of federal regulations; one violation of City law; and one violation of state law. Dkt. # 32 at pp. 10–20 (Amended Petition). Petitioners pursue four alternative causes of action: under the Washington Land Use Petition Act; for a statutory writ; for a constitutional writ; or under the Washington Uniform Declaratory Judgments Act. *Id.* at pp. 21–22.

On November 14, 2019, the Court ordered Petitioners to "serve an amended petition naming the Army as a respondent to this action." Dkt. # 25 at p. 2.[1]

Petitioners filed an Amended Petition naming the Army three months later, on February 10, 2020. Dkt. # 32. Petitioners certified service of the Amended Petition on the Chief of the U.S. Army Litigation Division, but not on the United States Attorney for the Western District of Washington or the Attorney General of the United States. *Id*. at p. 25.

Since then, Petitioners have filed no proof of serving the Amended Petition on the United States Attorney for the Western District of Washington or the Attorney General of the United States.

The Army has not appeared.

---

[1] The Court also ordered the joinder of SPS, Dkt. # 25 at p. 5. SPS appeared on February 13, 2020. Dkt. # 33-1.

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER
SERVICE OF THE U.S. ARMY - 2
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### III. ISSUES PRESENTED

1. Did Petitioners fail to properly and timely serve the Army?

2. Because of Petitioners' failure, must this Court dismiss the Army without prejudice or set a deadline for Petitioners to properly serve the Army?

3. If this Court dismisses the Army, should this Court also dismiss this case under state law or Fed. R. Civ. P. 19(b)?

### IV. EVIDENCE

The City relies on the papers on file with this Court.

### V. ARGUMENT

**A.  Petitioners failed to properly and timely serve the Army.**

Petitioners did not properly serve the Army when filing their Amended Complaint in February. They had to serve not only the Army's representative, but also the United States Attorney for the Western District of Washington and the Attorney General of the United States. Fed. R. Civ. P. 4(i)(2). Petitioners did not serve the United States Attorney or Attorney General when filing their Amended Complaint.

Petitioners failed to timely correct service. A plaintiff must serve a complaint within ninety days of filing it. Fed. R. Civ. P. 4(m). *Accord* Fed. R. Civ. P. 4(c) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)"). Because Petitioners filed their Amended Petition on February 10, the ninety-day period ran in May.

**B.  This Court must dismiss the Army without prejudice or set a deadline for Petitioners to properly serve the Army.**

If a plaintiff fails to timely and properly serve a defendant, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER
SERVICE OF THE U.S. ARMY - 3
*Discovery Park Comm. Alliance v. City of Seattle*, No. 2:19-cv-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

time." Fed. R. Civ. P. 4(m). The court must extend the time "if the plaintiff shows good cause for the failure." *Id*.

If Petitioners demonstrate good cause for failing to timely and properly serve the Army, this court should set a deadline for Petitioners to perfect service.

If Petitioners do not demonstrate good cause, this Court should either set that deadline or dismiss the Army without prejudice.

### C. If this Court dismisses the Army, this Court should also dismiss this case under LUPA or Fed. R. Civ. P. 19(b).

If this Court dismisses the Army without prejudice, this Court should dismiss the case for Petitioners' failure to join a necessary party. Petitioners brought this case under Washington's Land Use Petition Act ("LUPA"), Wash. Rev. Code Ch. 36.70C. As this Court found when ordering the Army's joinder, "LUPA requires that the Army be joined because the Army owns Fort Lawton, *see* Wash. Rev. Code § 36.70C.040(2), .050." Dkt. # 25 at p. 2. Without the property owner joined as a party, a court lacks jurisdiction over a LUPA petition. *See* Wash. Rev. Code § 36.70C.040(2).

Even if this case were to proceed on one of Petitioner's alternative causes of action, this Court should dismiss the case if the Army is dismissed. The Court must consider whether the action should be dismissed "in equity and good conscience" in light of four factors:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A) protective provisions in the judgment;

    (B) shaping the relief; or

    (C) other measures;

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY - 4
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

      (3) whether a judgment rendered in the person's absence would be adequate; and

      (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). The factors favor dismissal of this case if this Court dismisses the Army.

      First, a judgment rendered in the Army's absence would prejudice the Army, City, and SPS. Besides its ownership interest in Fort Lawton, the Army has an interest in the proper administration of the process for disposing surplus Army property—a process run by the Army for its own property. *See, e.g.*, 32 C.F.R. § 176.5 (each military department may determine what property is surplus); 32 C.F.R. § 176.20 (responsibilities of military departments in the process). That process is governed by Department of Defense ("DoD") regulations Petitioners allege the City and SPS violated and the Army misapplied. *See* Dkt. # 32 at pp. 10–20 (Amended Petition). The Army's interests could be hampered by rulings interpreting those regulations. And without the Army present to defend its own interests, the City and SPS are left to argue on the Army's behalf, likely unaware of arguments and interests the Army would raise.

      Second, the prejudice to the Army, City, and SPS could not be lessened or avoided by such measures as protective provisions in the judgment or shaping the relief. The City and SPS can think of no such measures.

      Third, a judgment rendered in the Army's absence would be inadequate. Absent the Army, this Court cannot accord complete relief. If not a party, the Army would not be bound by a ruling for Petitioners and could continue to apply the DoD regulations contrary to this Court's ruling. For example, Petitioners allege any redevelopment plan is time barred and DoD "must proceed to disposing of [Fort Lawton] through the alternative statutory means available to it." Dkt. # 32 at p. 11 (Amended Petition). If this Court agrees, but if the Army is not a party, the

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY - 5
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1  Army could lawfully continue to apply the DoD regulations rather than alternative statutory
2  means.

3  Finally, Petitioners would have an adequate remedy if this Court dismissed this case. The
4  gravamen of Petitioners' case are allegations the Army, City, and SPS have failed to adhere to
5  DoD regulations in the Army's on-going Fort Lawton closure process. Those claims will be ripe
6  for review under the federal Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701, *et seq.*,
7  once the Army takes final action on Fort Lawton. "As a general matter, two conditions must be
8  satisfied for agency action to be 'final' [within the meaning of the APA]: First, the action must
9  mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely
10  tentative or interlocutory nature. And second, the action must be one by which 'rights or
11  obligations have been determined,' or from which 'legal consequences will flow." *Bennett v.*
12  *Spear*, 520 U.S. 154, 177–78 (1997) (citations omitted). A base closure becomes final when the
13  DoD issues a record of decision obligating itself to transfer the property. *Role Models America,*
14  *Inc. v. White*, 317 F.3d 327, 331–32 (D.C. Cir. 2003). The record contains no allegation that the
15  Army has issued a record of decision for Fort Lawton.

16  Equity would also favor dismissal of this case, which has dragged on for more than a year
17  yet still not assembled the necessary parties. Petitioners are not engaged. They retained and
18  jettisoned two sets of counsel, *see* Dkt. #s 14 and 37 (orders granting motions to withdraw), took
19  three months to comply with this Court's order to file and serve an amended petition naming the
20  Army and SPS, *compare* Dkt. # 25 (Order) *with* Dkt. # 32 (Amended Petition), and then
21  apparently did not follow up with the Army when it failed to appear for four months. Petitioner
22  Elizabeth Campbell cannot claim ignorance of the requirement to timely and properly serve a
23  federal agency—she was the subject of a motion to dismiss on that basis in this Court. *See* Notice

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER
SERVICE OF THE U.S. ARMY - 6
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

of Mot. and Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Lack of Personal Jurisdiction, and Insufficient Service of Process, Dkt. # 10 at pp. 4–5, *Campbell v. Jilik*, No. C09-1305 JCC (W.D. Wash. April 1, 2010).[2] As this case now enters its second year, Ms. Campbell has stated her intent to add two more federal agencies, the local archdiocese, and a tribal foundation as Respondents, portending further delay. *See* Dkt. # 44 at pp. 2–3 (Joint Status Report). This Court may dismiss this case in good conscience. *See* Fed. R. Civ. P. 19(b).

## VI.   CONCLUSION

Because Petitioners failed to properly and timely serve the Army, the City and SPS respectfully ask this Court to dismiss this case for failure to join a necessary party or set a deadline by which Petitioners must properly serve the Army.

DATED June 29, 2020.

| | |
|---|---|
| PETER S. HOLMES<br>Seattle City Attorney | MCCULLOUGH HILL LEARY, PS |
| By:   /s/ Patrick Downs, WSBA # 25276<br>       /s/ Roger D. Wynne, WSBA #23399<br>Assistant City Attorneys<br>Seattle City Attorney's Office<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104-7095<br>Ph: (206) 684-8200<br>Email: patrick.downs@seattle.gov<br>         roger.wynne@seattle.gov<br>*Attorneys for Respondent City of Seattle* | By:   /s/ G. Richard Hill, WSBA #8806<br>       /s/ Katie J. Kendall, WSBA #48164<br>McCullough Hill Leary, PS<br>701 Fifth Avenue, Suite 6600<br>Seattle, WA 98104<br>Ph: (206) 812-3388<br>Email: rich@mhseattle.com<br>         kkendall@mhseattle.com<br>*Attorneys for Respondent Seattle Public Schools* |

---

[2] That motion is also available at 2010 WL 3497065. Because this Court dismissed that case for lack of subject matter jurisdiction, it declined to address improper service as a ground for dismissal. *Campbell v. Jilik*, No. C09-1305 JCC, 2010 WL 2605239 at *1 (W.D. Wash. June 25, 2010).

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY - 7
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

**CERTIFICATE OF SERVICE**

I certify that on this day I electronically filed this document and the Proposed Order Granting Motion to Dismiss [or to Set a Deadline for Serving the U.S. Army] with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Elizabeth A. Campbell
3826 24th Ave. W.
Seattle, WA 98199
Email: neighborhoodwarrior@gmail.com
*Pro Se*

G. Richard Hill, WSBA #8806
Katie J. Kendall, WSBA #48164
McCullough Hill Leary, PS
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
Email: rich@mhseattle.com
kkendall@mhseattle.com
*Attorneys for Respondent Seattle Public Schools*

I also certify that on this day I sent a copy of this document via e-mail to the same individuals.

Dated June 29, 2020, at Seattle, Washington.

/s/ Alicia Reise
ALICIA REISE, Legal Assistant

MOTION TO DISMISS OR SET A DEADLINE FOR THE PROPER SERVICE OF THE U.S. ARMY - 8
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200