THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISCOVERY PARK COMMUNITY ALLIANCE, a community non-profit corporation, and ELIZABETH CAMPBELL,<br><br>Petitioners,<br><br>v.<br><br>CITY OF SEATTLE *et al.*,<br><br>Respondents. | CASE NO. C19-1105-JCC<br><br>ORDER |

   This matter comes before the Court on Respondents' motion to dismiss or to set a deadline for the proper service of the United States Army (Dkt. No. 46). On November 14, 2019, the Court ordered Petitioners to file and serve an amended petition joining the Army because Wash. Rev. Code § 36.70C.040(2) requires the Army to be a party to this case. (Dkt. No. 25 at 2.) But instead of arranging for service of the Army, Petitioners' attorney moved to withdraw on December 11, 2019. (Dkt. No. 27.) The Court conditioned the withdrawal on Petitioners first serving the Army. (Dkt. No. 31 at 3.) On February 21, 2020, Petitioners filed an affidavit of service stating that they had served an amended petition on the Chief of the Army's litigation division. (Dkt. No. 35 at 2.) Three days later, the Court allowed Petitioners' attorney to withdraw from the case. (Dkt. No. 37.)

   Petitioners' attempt to serve the Army was defective. Although Petitioners served the

Chief of the Army's litigation division, Petitioners failed to serve the United States Attorney for the Western District of Washington and the Attorney General of the United States. *See* Fed. R. Civ. P. 4(i)(2). Neither party recognized Petitioners' error. Instead, both sides proceeded without the Army for four months.

On June 29, 2020, Respondents moved to dismiss the case for failure to serve a necessary party. (Dkt. No. 46 at 3–7.) Rather than formally responding to the motion, Petitioners filed an affidavit of service stating that they sent via certified mail a copy of the amended petition to the United States Attorney for the Western District of Washington and the Attorney General of the United States. (Dkt. No. 47 at 1–2.) The affidavit says nothing about serving a summons, however, and the Army has still not appeared. (*See id.*)

More than eight months have passed since the Court ordered Petitioners to join the Army, and Petitioners have still failed to do so. Because the Court is loath to dismiss a case on procedural grounds unless dismissal is absolutely necessary, the Court will grant Petitioners a final chance to join the Army. Accordingly, the Court ORDERS Petitioners to properly serve the summons and amended petition on the Army pursuant to Federal Rule of Civil Procedure 4(i)(2) within 14 days of the date this ordered is issued. If Petitioners do not properly serve the Army within that time, the Court will dismiss this case for failure to prosecute.

DATED this 28th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE