The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Discovery Park Community Alliance and Elizabeth A. Campbell,<br><br>　　　　　　　　Petitioners,<br><br>　　vs.<br><br>City of Seattle, United States Army, and Seattle School District No. 1,<br><br>　　　　　　　　Respondents. | No. 2:19-cv-1105-JCC<br><br>DECLARATION OF PETITIONER ELIZABETH A. CAMPBELL, PRO SE |

The undersigned, ELIZABETH A. CAMPBELL, says: I am over the age of eighteen (18) years, of sound mind, and competent to testify in this matter. I am the Petitioner in this matter.

Introduction

I now understand the procedural requirements for the service of process for this case that the respondents the City of Seattle ("CoS") and Seattle Public Schools ("SPS") are complaining of, filing their motions about. However, it is the CoS, SPS, and their collaborative and recalcitrants partner, the U.S. Army ("Army") that have kept this matter and this case in turmoil. First by improperly going about disposing of the Army's Fort Lawton Army Reserve property in the first place, in contravention to the requirements of the statutory requirements of the Base Realignment

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 1
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, No. 2:19-CV-1105

Elizabeth Campbell
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

and Closure Act, then improperly attempting to rezone the property in contravention to the requirements of the Seattle Municipal Code; then once in court the City, SPS, and the Army have come up with a range of legal moves intended to stymie first the Plaintiffs' now Respondents' efforts to seek justice in this matter. One of their dilatory tactics concerns service. All of the respondents have agreed to dispute petitioners' service efforts, including two of them filing successive motions so that they can all be joined and be participants in this case, but on the other hand colluding together and filing counter motions to avoid or void service as part of their effort to come up with legal roadblocks to derail this case.

In addition, there was an inadvertent error by the Court related to joining SPS and the Army, it ordered the respondents to only serve an amended petition on the respondents SPS and Army, which the petitioners did.

In the intervening time the coronavirus pandemic has hit, the Court has been shutdown for an extended period of time which has affected the case schedule, and I have been battling health issues which have taken away from my fully participating in this case.

Petitioner's Inability to Act

For the better part of the last four months I have been suffering with a health problem that requires me to be under a doctor's care. This problem has become more pronounced since May. Recently it has made it close to impossible to extremely difficult for me to give my personal attention to this case, much less to even manage the Discovery Park Community Alliance's (DPCA) and my participation in this case.

The way things have been for me with this health problem is I have became particularly challenged once I became pro se and it was necessary for me to personally meet the procedural obligations for this case; which included my keeping up with the required filings in this matter by

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 2
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Elizabeth Campbell**
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

the City of Seattle (CoS) and the Seattle Public Schools (SPS), to defend against their motions to dismiss both petitioners, the case itself, on the basis that DPCA failed to obtain counsel and that the service of process to join the respondent, the U.S. Army was first insufficient and then defective.

My illness requires the continuous care of a physician, both before, during, through to even date.

Upon the court's or upon any of the other parties' request I am willing and able to provide an affidavit from my physician to confirm that I have been incapacitated during this time, and particularly that I have been unable to respond to the Court's July 28, 2020 order (Dkt. No. 51).

Facts

Today I have finally had the opportunity and ability to sit down and determine what this ongoing imbroglio over service and the U.S. Army is about.  I now understand that the final outstanding problem the CoS and SPS are claiming why they cannot proceed is related to a summons not being included with the amended petition when it was served both times on the U.S. Army, then on the Attorney General and the U.S. Attorney.

The reality is, on November 14, 2019 the Court ordered the petitioners to, "…file and serve an amended petition naming the Army and SPS as respondents in this action." (Dkt. No. 25)  The Court's order did not indicate that a summons was to be included with the amended petition.

On February 10, 2020 Mr. Miller did just as the court ordered.  He filed with the court an Amended Land Use Petition Pursuant to Land Use Petition Act; Petition for Review and Declaratory Judgment (Dkt. No. 32), and according to the February 21, 2020 filings by Mr. Miller's paralegal, the Affidavit of Service (Dkt. No. 34), the amended petition was served on the Seattle Public Schools legal department on February 13th; and that same day Seattle Public

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 3
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Elizabeth Campbell**
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

School's co-counsels filed their Appearance of Counsel notices in this matter (Dkt. No.s 33 & 33-1); and as per the Affidavit of Mailing (Dkt. No. 35) the amended petition had been sent via U.S. Certified Mail to both the Seattle Public Schools and the U.S. Army's litigation department.

129 days later, four and a half months /18 weeks later, on Jun 29, 2020 the City of Seattle and the Seattle Public Schools after participating in a number of pretrial activities, they filed their motion to dismiss this case alleging that there had been insufficient service on the U.S. Army (Dkt. No. 46).  The CoS and SPS alleged that the amended petition had not been served as required by U.S. Fed. R. Civ. Proc. 4(i)(1)(A-B), to wit, it had not been served on the U.S. Attorney in Seattle and the Attorney General of the U.S. in Washington, D.C.

I immediately brought the matter of improper service, the CoS's and SPS's motion to dismiss to the attention of my former counsel.  The next day respondents' former counsel mailed via U.S. Certified Mail the amended petition to the offices of the Attorney General of the United States and the U.S. Attorney for Western Washington.  The Attorney General's office received the petition on July 6, 2020, and the U.S. Attorney received their copy on or about July 2, 2020.  The Affidavit of Mailing that affirmed these actions was filed with the Court on July 9, 2020, less than ten days after CoS and SPS filed their motion to dismiss (Dkt. No. 47).

Just over two weeks later on July 24, 2020 the CoS and SPS filed in essence a new motion, or an amended motion, a document they labeled as a *reply* to their motion to dismiss, claiming that the service by the respondents was deficient, a summons had not been included with the amended petition (Dkt. No. 50).

In general this seems to me to be a dilatory tactic on the part of all three respondents, the CoS, SPS, and the Army.  It is my understanding that:

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 4
*Discovery Park Comm. Alliance v. City of Seattle*, No. 2:19-cv-1105

**Elizabeth Campbell**
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

1. A defendant/respondent waives its objection to improper service if it participates in pretrial proceedings without raising the issue. Respondent SPS has participated in pretrial proceedings before jointly filing their deficient service related motion to dismiss.[1]

    a. On May 21, 2020 the court ordered the parties to participate in just such a pretrial proceeding, "[To] meet and confer and to provide the Court with a combined Joint Status Report…The Report must contain the following information; 1. An estimate of the number of days needed for trial; 2. The date by which the case will be ready for trial; and 3. Whether the parties intend to mediate per LCR 39.1 and, if so, when the parties expect to complete mediation." (Dkt. No. 41)

    b. On June 29, 2020 all parties signed and filed their Joint Status Report with the Court. (Dkt. No. 44)

    c. On June 29, 2020 CoS and SPS filed their service related motion to dismiss despite having participated in pretrial proceedings. (Dkt. No. 46)

2. It is disingenuous particularly for respondent SPS to join with the CoS in their July 24th, so called "reply", claiming that the petitioners' service upon the U.S. Army is defective because petitioners did not include a summons with the amended petition. The reality is no summons was served upon SPS either. And yet despite that SPS's attorney's filed a notice of appearance the same day SPS was served the amended petition sans the summons, on February 13, 2020. SPS from that day to even date has gone on to fully participate in this case for now over six months (for over four months at the time of its initial motion to

---

[1] See **Datskow v. Teledyne, Inc., Cont'l Prods. Div.**, 899 F.2d 1298, 1302-03 (2d Cir. 1990); **Allied Semi-Conductors Int'l v Pulsar Components Int'l**, 907 F.Supp. 618, 623 (D.D.N.Y.1995)

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 5
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

Elizabeth Campbell
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

dismiss on June 29th).  It has never refused to participate in court proceedings, claiming that it has not been served with a summons in this matter.

3. Rather than the petitioners not engaging all this time, myself not engaging, the fact is I have been engaged in this matter of the disposition of the Fort Lawton Army Reserve property since 2008 – a period of over 12 years.  I have only recently been laid low due to health reasons.

### Service of the Summons and Amended Petition on the U.S. Army Will Be Completed Forthwith

Today I have taken the following action to remedy this situation, I have forwarded the Court's July 28th order (Dkt. No. 51) to former respondents' counsel Allen Miller and requested that he promptly and properly serve the U.S. Army the summons *and* the amended petition.

My apologies to the Court for the delay in addressing this, and to the other parties hereto.

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 18th day of August, 2020, Seattle, Washington.

By: *Elizabeth Campbell*

Elizabeth A. Campbell
3826 24th Ave. W.
Seattle, WA 98199
Ph: 206-769-8459
Email:
neighborhoodwarrior@gmail.com
*Pro Se*

---

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 6
*Discovery Park Comm. Alliance v. City of Seattle*, No. 2:19-cv-1105

**Elizabeth Campbell**
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199

# CERTIFICATE OF SERVICE

I certify that on this day I electronically filed this document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

PETER S. HOLMES
Seattle City Attorney
Patrick Downs, WSBA # 25276
Roger D. Wynne, WSBA #23399
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
Fax: (206) 684-8284
Email: patrick.downs@seattle.gov
 roger.wynne@seattle.gov
*Attorneys for Respondent City of Seattle*

G. Richard Hill, WSBA #8806
Katie J. Kendall, WSBA #48164
McCullough Hill Leary, PS
701 – 5th Avenue, Suite 6600
Seattle, WA 98104
Email: rich@mhseattle.com
kkendall@mhseattle.com
*Attorneys for Respondent Seattle Public Schools*

Dated August 19, 2020, at Seattle, Washington.

By: *[signature: Elizabeth Campbell]*

Elizabeth A. Campbell
3826 24th Ave. W.
Seattle, WA 98199
Ph: 206-769-8459
Email:
neighborhoodwarrior@gmail.com
*Pro Se*

AFFIDAVIT OF MAILING AND FILING and CERTIFICATE OF FILING - 7
*DISCOVERY PARK COMM. ALLIANCE v. CITY OF SEATTLE*, NO. 2:19-CV-1105

**Elizabeth Campbell**
Respondent Pro Se
3826 24th Avenue West
Seattle, WA 98199