The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DISCOVERY PARK COMMUNITY
ALLIANCE, *et al.*,

                          Petitioners,

         vs.

CITY OF SEATTLE, *et al.*,

                          Respondents.

No. 2:19-cv-1105-JCC

RESPONDENTS' RENEWED MOTION
TO DISMISS

NOTE ON MOTION CALENDAR:
Friday, September 11, 2020

## I.      INTRODUCTION AND RELIEF REQUESTED

On July 28, 2020, this Court granted Elizabeth Campbell—this case's sole remaining petitioner—a "final chance" to join the Army as a respondent, adding that if she failed to properly serve the Army within 14 days, "the Court will dismiss this case for failure to prosecute." Dkt. # 51 at p. 2.

Yesterday, 21 days later, Ms. Campbell filed a declaration stating she had just forwarded the order to her former counsel (who withdrew in February) asking him to comply with it. Dkt. # 52 at p. 6. Ms. Campbell apologized for the delay, explaining: "I have only recently been laid low due to health reasons." *Id.*

RENEWED MOTION TO DISMISS - 1
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, No. 2:19-cv-1105

Peter S. Holmes
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1    Respondents Seattle Public Schools ("SPS") and the City of Seattle ask this Court to

2  enforce its order and dismiss this case for failure to prosecute. Fed. R. Civ. P. 41(b). Despite Ms.

3  Campbell's declared illness, dismissal would advance equity and the efficient administration of

4  justice.

## II.    FACTS

6    Ms. Campbell and Discovery Park Community Alliance ("DPCA") sued the City on June

7  28, 2019—over a year ago. Dkt. # 1-2.

8    After Petitioners parted ways with their first counsel and secured new counsel, the City

9  immediately moved to join the Army and SPS as necessary parties. Dkt. ## 14–16.

10    On November 14, 2019, the Court ordered Petitioners to serve an amended petition

11  naming the Army and SPS as respondents. Dkt. # 25.

12    Not until three months later, on February 10, 2020, did Petitioners file an Amended

13  Petition naming the Army and SPS. Dkt. # 32. Petitioners certified service of the Amended

14  Petition on the Chief of the U.S. Army Litigation Division, but not on the United States Attorney

15  for the Western District of Washington or the Attorney General of the United States. *Id*. at p. 25.

16    Petitioners' second counsel immediately withdrew, leaving Petitioners *pro se*. Dkt. # 37.

17    SPS appeared. Dkt. # 33-1. The Army did not.

18    This Court granted the City's and SPS's motion to dismiss DPCA, leaving Ms. Campbell

19  as the sole Petitioner. Dkt. # 52.

20    On July 28, 2020, in response to the City's and SPS's motion, this Court granted Ms.

21  Campbell a "final chance" to join the Army as a Respondent, adding that if she failed to properly

22  serve the Army within 14 days, "the Court will dismiss this case for failure to prosecute." Dkt.

23  # 51 at p. 2.

RENEWED MOTION TO DISMISS - 2
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

1   Yesterday, 21 days later, Ms. Campbell filed a declaration acknowledging she has not

2   properly served the Army and stating that, on August 18, she forwarded the Court's order to her

3   counsel who withdrew in February and asked him to comply with it. Dkt. # 52 at p. 6. Ms.

4   Campbell apologized for the delay, explaining: "I have only recently been laid low due to health

5   reasons." *Id*.

### III.    ISSUE PRESENTED

6   Should this Court enforce its July 28 order and dismiss this case for failure to prosecute?

### IV.    EVIDENCE

8   The City and SPS rely on the papers on file with this Court, including Exhibit 1 to this

10  motion.

### V.    ARGUMENT

#### A.    Ms. Campbell failed to comply with her "final chance" deadline and still has not properly served the Army.

13  This Court granted Ms. Campbell a "final chance" to join the Army as a party: "More

14  than eight months have passed since the Court ordered Petitioners to join the Army, and

15  Petitioners have still failed to do so. Because the Court is loath to dismiss a case on procedural

16  grounds unless dismissal is absolutely necessary, the Court will grant Petitioners a final chance

17  to join the Army." Dkt. # 51 at p. 2.

18  The order informed Ms. Campbell that failure to take her final chance within 14 days

19  would result in dismissal: "If Petitioners do not properly serve the Army within that time, the

20  Court will dismiss this case for failure to prosecute." *Id*.

21  Ms. Campbell failed to meet that deadline. And she still has not properly served the

22  Army; she merely reports she asked her former counsel—who withdrew in February—to do it.

23  This Court should enforce its order and dismiss this case for failure to prosecute.

---

RENEWED MOTION TO DISMISS - 3
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, No. 2:19-CV-1105

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

### B.   Equity and the efficient administration of justice favor dismissal.

Enforcing the order would advance equity and the efficient administration of justice. More than a year into this case Ms. Campbell has still failed to secure joinder of the necessary parties the City asked to join last September. And she intends to add two more federal agencies, the local archdiocese, and a tribal foundation as respondents, which can mean only more delay. Dkt. # 44 at pp. 2–3 (Joint Status Report).

While taking Ms. Campbell's declared illness at face value, this Court should question whether it would have been unreasonable for her to take the step she took 20 days after the Court's order—forwarding an email to her former counsel asking him to comply with the order—immediately after receiving the Court's order.

However this Court regards Ms. Campbell's declared illness, this Court should review her claim that she has taken ill "only recently" in context. Her claimed inability to meet deadlines because of health issues stretches back at least to the start of this dispute in 2018, when Ms. Campbell and DPCA appealed to the City Hearing Examiner to challenge the adequacy of the environmental review of proposed development of the Fort Lawton Army Reserve Center. *See In the Matter of the Appeals of Elizabeth Campbell, et al.*, Seattle City Hearing Examiner File No. W-18-002.[1] After Ms. Campbell and DPCA violated a deadline to submit a witness and exhibit list, the City moved to dismiss. *See id.*, Motion to Exclude Exhibits and Witnesses and to Dismiss (Sept. 14, 2018). In response, on September 20, 2018, Ms. Campbell submitted a declaration that she had been significantly ill for months and unable to meet deadlines:

> For the better part of this last four months I have been significantly ill and unable to fully assist or advocate for my case in W-18-002. I have spent the majority of

---

[1] All documents filed in that appeal are available online. *See* https://web6.seattle.gov/Examiner/case/W-18-002 (last visited Aug. 19, 2020).

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

each month in bed trying to recover, as well as have been housebound due to my illness, and when not so involved I do not feel well.

In June of this year I was unable to continue my employment due to my medical disability.  I have been under a doctor's care for over two years for ongoing health reasons, as well as go to weekly therapy for the same conditions in order to both alleviate the symptoms, to manage pain, and to prevent a further declination in my health.

. . . .

At this point I am unable to effectively assist in the preparation for hearing in this matter, in fact at times I have been unable for health reasons to meet critical case schedule deadlines.

*Id.*, Appellant's Response to Motion to Exclude and Dismiss at 5 (Sept. 20, 2018) (copy attached to this motion as Exhibit 1).[2]

Ms. Campbell's declared illnesses merit sympathy, but absent a request for a particular accommodation, she is essentially telling this Court and those she has sued to roll with it no matter the number of deadlines missed, delays compounded, or other parties she pulls into this fight. The City and, since joining, SPS have consistently sought an opportunity to resolve this case on the merits once all necessary parties have been joined. *See, e.g.*, Dkt. # 28 at p. 1 (Motion to Modify the Scheduling Order); Dkt. # 44 at pp. 3–4 (Joint Status Report). Ms. Campbell has stymied that opportunity. Equity and the efficient administration of justice suggest this Court should dismiss this case because she missed her "final chance" to serve papers correctly.

//

//

//

//

---

[2] The highlighting in the document attached in Exhibit 1 is in the original.

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

## VI.    CONCLUSION

After more than eight months of delay, this Court gave Ms. Campbell a "final chance" to properly serve the Army within 14 days. She missed that chance and still has not properly served the Army. Despite her declared illness, equity and the efficient administration of justice favor this Court enforcing its order and dismissing this case for failure to prosecute.

DATED August 20, 2020.

PETER S. HOLMES
Seattle City Attorney

By:    /s/ Patrick Downs, WSBA # 25276
        /s/ Roger D. Wynne, WSBA # 23399
Assistant City Attorneys
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104-7095
Ph: (206) 684-8200
Email: patrick.downs@seattle.gov
        roger.wynne@seattle.gov
*Attorneys for Respondent City of Seattle*

MCCULLOUGH HILL LEARY, PS

By:    /s/ G. Richard Hill, WSBA #8806
        /s/ Katie J. Kendall, WSBA #48164
McCullough Hill Leary, PS
701 Fifth Avenue, Suite 6600
Seattle, WA 98104
Ph: (206) 812-3388
Email: rich@mhseattle.com
        kkendall@mhseattle.com
*Attorneys for Respondent Seattle Public Schools*

RENEWED MOTION TO DISMISS - 6
*DISCOVERY PARK COMM. ALLIANCE V. CITY OF SEATTLE*, NO. 2:19-CV-1105

Peter S. Holmes
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1

**CERTIFICATE OF SERVICE**

2

I certify that on this day I electronically filed this document and the Proposed Order

3
Granting Renewed Motion to Dismiss with the Clerk of the Court using the CM/ECF system,
which will send notification of such filing to:

4
Elizabeth A. Campbell
3826 24th Ave. W.

5
Seattle, WA 98199
Email: neighborhoodwarrior@gmail.com

6
*Pro Se*

7
G. Richard Hill, WSBA #8806
Katie J. Kendall, WSBA #48164

8
McCullough Hill Leary, PS
701 Fifth Avenue, Suite 6600

9
Seattle, WA 98104
Email: rich@mhseattle.com

10
kkendall@mhseattle.com
*Attorneys for Respondent Seattle Public Schools*

11

I also certify that on this day I sent a copy of this document via e-mail to the same

12
individuals.

13
Dated August 20, 2020, at Seattle, Washington.

14
*/s/ Alicia Reise*
ALICIA REISE, Legal Assistant

15

16

17

18

19

20

21

22

23

**Peter S. Holmes**
Seattle City Attorney
701 Fifth Ave., Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

# EXHIBIT 1

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

In the Matter of the Appeal of:                         Hearing Examiner File WA-18-002

ELIZABETH CAMPBELL, ET AL,                    APPELLANT'S RESPONSE TO MOTION
                                                                       TO EXCLUDE AND DISMISS

Of the adequacy of an FEIS issued by the Director,
Seattle Office of Housing

I.       STATEMENT OF FACTS/EVIDENCE RELIED UPON

1.  Appellant Elizabeth Campbell has been significantly ill for the last four months, under a doctor's
    care, has not been able to fully assist in the preparation for hearing.  As a consequence of my
    illness I was not able to timely file the witness and exhibits list that was due on August 24th,
    neither was I able to share it with the other appellant in this matter, the Discovery Park
    Community Alliance.  I am likely to be recovered sufficiently to fully assist in this matter and I am
    unable to continue without representation of counsel.  (See also Campbell's declaration
    regarding the same is attached and included herein as Exhibit A).

II.       ARGUMENT

The City has offered up a number of cases to support its motion for sanctions (exclusion) that are not on
point in this matter before the hearing examiner.

Re: Four Seasons Hotel Matter cited:

        The City claims that in the *Four Seasons Hotel Seattle* et al case, Hearing Examiner Files HC-18-
001 through HC-18-007, that the facts are similar to this present case, the appellants failed to adhere to
that case's schedule, that they failed to timely file their witness and exhibit list, "the appellant's
untimely-filed exhibit list."  Based on that case's records, the recording for the July 16, 2018 hearing,
and a personal interview with one of the appellants in that case, the City's assertions, or innuendo is
quite misleading.

        The  City noted in their Motion in Campbell/DPCA that the *Four Seasons* appellants did not file
their lists until July 6, 2018 - this is not true.  After the appellants filed their witness/ exhibit list on June
25, 2018, 11 days prior.  They then amended their list and filed their 1st amended list on June 27, 2018.
They then amended it again, and filed a third, amended witness and exhibits list July 6, 2018.

         Therefore by the July 6th date they had filed their list three times; late the first time by seven
days, but after that the lists were amended.  It is of note that the City filed their witness and exhibit list
two days late.

        The City in the Campbell/DPCA appeal claims that the hearing examiner dismissed the *Four
Seasons* appellants' exhibits due to the fact that they had filed their witness and exhibits list late -
"[T]he City moved to exclude the appellant's untimely-filed exhibit list...the Deputy Examiner granting
the City's motion and excluded the exhibits.  This characterization is also false in that the exhibits were
excluded, but not for the reason the City is claiming in Campbell/DPCA motion.

        I have listened to the portion of the hearing that dealt with the CIty's motion to exclude the
exhibits at the time of hearing, and I also spoke this last weekend to the appellant whose exhibits were

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

excluded, Andrew Konstantaras.  What Downs, the City attorney in both cases attacked was that he had not gotten the physical copies of the exhibits long enough before the hearing and that he hadn't had a chance to read through them.

Downs oral motion at the *Four Seasons* hearing was based on the fact that he received the first amended list of exhibits on June 29th which Downs stated was untimely.  Exhibits were received on July 5th that were due on July 2nd - that was untimely.  However Downs claimed all the exhibits were not listed on the exhibit lists.  Konstantaras responded at the hearing that the majority of the exhibits were documents given to him by the City - therefore he did not believe he needed to provide a list of the City's own documents that he was bringing to the hearing.

Downs also shared with me in our conversation that Downs claimed at the hearing that the City staff only looked at the medical literature exhibit, that they did not look at their own documents.  However during a recess in the hearing Downs and Konstantaras spoke while Downs was flipping through Konstantaras exhibit book that had been excluded, Konstantaras offered to show Downs a few of the exhibits to which Downs replied that he had in fact already read through the exhibits prior to hearing.

Re:  *Port of Seattle v. Equitable, Fall v. Keene Corp*., et seq.

Another case cited, *Port of Seattle v. Equitable*, relates to the exclusion of an appellant's expert witnesses because the witnesses changed their approaches to and methods for valuing the property that the case was related to, and then failed to provide the basis or method they utilized for arriving at their revised  valuations.  This deprived the Port of the opportunity to investigate the expert's methods for arriving at their valuations.  No witnesses expert or otherwise have been identified, testimony offered, changed, and then the offer of proof not supplied when ordered to supply the same.

The second case cited by the City is Falk v. Keene Corp. presumes that the I am without a reasonable excuse for noncompliance with the examiner's discovery order.  Clearly this is not the case.  My statement above and my declaration below refutes the contention that my failure to timely file a witness list was without a reasonable excuse.

Other intervening events in this matter which are in the record have pushed aside any discussion about why the list was not filed on the 24th; instead of a discussion the City made a tactical rush to judgement and hoped to have this case dismissed before it could be decided on the merits.

Re:  *Falk v. Keene Corp.*

At its core is a late disclosure of witnesses, and then the excuse as to why that happened, "Appellants' only excuse for failing to properly note these witnesses in compliance with the pretrial order, to which no objection or assignment of error has been made and which provided for the exclusion of witnesses as a sanction for noncompliance, was their attorney's inadvertent mistake."  It was because the court found the excuse was not reasonable that the sanction was entered.

Attached are the case highlights and summaries used by the City's, and other cases which informed those cases.  At the core of the matter of discovery, adhering to case schedules and the like is the matter of educating, encouraging, and if necessary sanctioning attorney's or litigants when they fail to follow the case orders.  However, the ameliorating conditions put on the judges' decisions and the

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

appropriateness of them, is whether the offenses were the result of recalcitrance, mistake, or circumstances that would understandably result in missing a deadline.  Then the nature of the sanctions is rooted in when the missed deadline occurred and why a sanction and its nature is necessary.

In the present case I would argue that my failure to meet the filing deadline was not willful, it is the consequence of not being well.

In regards to the dismissal portion of the motion – the Seattle Municipal Code, see below is replete with the right of an appellant to proceed at hearing, including a right to present evidence in rebuttal.  Even if I had no witnesses and exhibits there is a record in this matter, that agency's record, I have a right to prosecute the case on that basis.

SMC 3.02.090 - Hearings in contested cases
A. In any contested case all parties shall be afforded an opportunity for hearing after not less than 20 days' notice in writing; provided that a hearing may be set on shorter notice where substantial injury to a party would otherwise result; provided further, that unless otherwise provided by ordinance or rule, no hearing shall be required in any case except upon the request of a party. A request for a hearing shall be accompanied by a filing fee as established by ordinance, which the Hearing Examiner shall ensure is received by the Director of Finance and Administrative Services.
B. Notice of such hearing shall include:
1. A statement of the time, place and nature of the proceeding;
2. A statement of the legal authority and jurisdiction under which the hearing is to be held;
3. A reference to the particular sections of the ordinance and rules involved;
4. A short and plain statement of the matters asserted.
If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved, and thereafter upon request, a more definite and detailed statement shall be furnished.
C. Unless otherwise provided by ordinance, notice shall be provided by personal service or mail to each party. Notice to City agencies may be provided through the City's interoffice mail or electronically. With the agreement of a party other than a City agency, notice may instead be provided to that party by electronic means.
D. Opportunity shall be afforded all parties to respond and present evidence and argument on all issues involved.
E. Unless precluded by law, informal disposition may be made of any contested case by stipulation, agreed settlement, consent order, or default.
F. The record in a contested cause shall include:
1. All pleadings, motions, and intermediate rulings;
2. Evidence received or considered;
3. A statement of matters officially noticed;
4. Questions and offers of proof, objections, and the ruling thereon;
5. Proposed findings and conclusions; and
6. Any decision, opinion, or report by the examiner presiding at the hearing. G. Oral proceedings shall be electronically recorded. When requested, the Hearing Examiner shall furnish a copy of all or part of the electronic recording upon payment of the reasonable costs of providing the copy.
H. Findings of fact shall be based exclusively on the evidence and on matters officially noticed.
I. Each agency shall adopt appropriate rules of procedure consistent with this chapter and other applicable ordinances for notice, hearing and agency review of contested cases.

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

J. The examiner presiding at the hearing shall admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs, and shall give effect to the rules of privilege recognized by law.

K. All evidence, including records and documents in the possession of the agency which the examiner desires to consider, shall be offered and made a part of the record in the case, and no other factual information or evidence shall be considered in the determination of the case.

L. Examiners may take notice of judicially cognizable facts and of general, technical, or scientific facts within their specialized knowledge in the evaluation of the evidence presented to them; provided, that parties shall be notified during the hearing, or by reference in preliminary reports or otherwise, of the material so noticed, and they shall be afforded an opportunity to contest the facts so noticed.

M. Every party shall have the right of cross-examination of witnesses who testify, and shall have the right to submit rebuttal evidence.

III.     CONCLUSION

Based on the facts, argument, authorities presented above and the declaration attached hereto the hearing examiner should deny the City's motion in its entirety.

DATED this 20Th day of September, 2018.

ELIZABETH A. CAMPBELL

Appellant
4027 21st Avenue West   Suite 205
Seattle, WA. 98199

RESPONSE, DECLARATION, AND CERTIFICATION OF SERVICE                    4

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

**EXHIBIT A - DECLARATION**

I, Elizabeth Campbell, declare as follows:

That I am over the age of 18 years and competent to be a witness herein and testify to the facts below:

For the better part of this last four months I have been significantly ill and unable to fully assist or advocate for my case in W-18-002. I have spent the majority of each month in bed trying to recover, as well as have been housebound due to my illness, and when not so involved I do not feel well.

In June of this year I was unable to continue my employment due to my medical disability. I have been under a doctor's care for over two years for ongoing health reasons, as well as go to weekly therapy for the same conditions in order to both alleviate the symptoms, to manage pain, and to prevent a further declination in my health.

Further contributing to my ill health has been the death of my younger sister Debbie on June 17, 2018. She was my sister for over 60 years. Her death has left me despondent and unable at times to participate in the enjoyment of life and in activities of daily living.

This last month I missed a filing deadline because of my health conditions, I was literally flailing to keep the case alive, seeking to get it continued in order to have the time to file the necessary witness and exhibit list and to prepare for hearing.

At this point I am unable to effectively assist in the preparation for hearing in this matter, in fact at times I have been unable for health reasons to meet critical case schedule deadlines,

For all the above reasons I am asking for the examiner to deny the City's motion to exclude and dismiss in its entirety, and for a stay in this matter so I can seek counsel to represent me. To that end I in fact have today contacted the King County Bar Association's lawyer referral service and submitted a request for referral.

I will also be seeking representation for the other party in this appeal, the Discovery Park Community Alliance, a Washington state non-profit organization that I founded and manage.

The Motion for Stay is not intended to vex, delay, or interfere with any proceedings in this case. It is sought solely for the purposes outlined in my Motion and in this declaration.

I certify under penalty of perjury under the laws of the State of Washington that my statements above are true and correct.

EXECUTED at Seattle, Washington on this 20th day of September, 2018.

Elizabeth A. Campbell, Declarant

CERTIFICATE OF SERVICE

RESPONSE, DECLARATION, AND CERTIFICATION OF SERVICE                                    5

BEFORE THE HEARING EXAMINER
CITY OF SEATTLE

I, Elizabeth Campbell, declare as follows

That on September 20, 2018 I filed the Appellant's Response and Declaration above and this Certificate of Service with the Seattle Office of Hearing Examiner using its e-filing system, and that on September 20, 2018 I also addressed said documents and sent them for delivery as follows:

To the Hearing Examiner Ryan Vancil c/o
Alayna Johnson
700 Fifth Avenue, Suite 4000
Seattle, WA. 98104
Alayna.Johnson@seattle.gov


To the City of Seattle by E-Mail
Patrick Downs
Assistant City Attorney
Patrick.Downs@seattle.gov

Alicia Reise
Alicia.Reise@seattle.gov

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Seattle, Washington on this 20th day of September, 2018.

Elizabeth A. Campbell,
Declarant