Judge Coughenour

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DISCOVERY PARK COMMUNITY ALLIANCE, a community non-profit corporation, and ELIZABETH CAMPBELL,<br><br>Petitioners,<br><br>v.<br><br>CITY OF SEATTLE, et al.,<br><br>Respondents. | CASE NO.  C19-1105-JCC<br><br>**NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>(Note on Motion Calendar for:<br>  Friday, November 20, 2020) |

Respondent the United States Army, through its attorneys, Brian T. Moran, United States Attorney, and Brian C. Kipnis, Assistant United States Attorney, for the Western District of Washington, hereby moves this Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Army from this action for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 1
(Case No. C19-1105-JCC)

This motion is made and based on the pleadings and papers filed herein, and such oral argument as the Court may entertain.

DATED this 26th day of October 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Brian C. Kipnis*
BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
5220 United States Courthouse
700 Stewart Street
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4073
E-mail: brian.kipni@usdoj.gov

Attorneys for Defendant United States Army

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 2
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## Introduction

In deciding the Respondent's motion to dismiss, the Court is presented with two straight forward issues:

- **Failure to State a Claim.** The Federal Rules of Civil Procedure require a complaint contain a plain statement of the claim showing the Petitioner is entitled to relief. Here the Petitioner has failed to allege how the Army has wronged the Petitioner and what relief is being sought. Should this Court dismiss the Army as a party for Petitioner's failure to state a claim upon which relief can be granted?

- **Subject matter jurisdiction.** The Sovereign Immunity Doctrine bars suit against the federal government absent consent to be sued. Absent consent, this Court lacks subject matter jurisdiction. Here, without alleging a claim for which the United States has waived its sovereign immunity, the Petitioner sued the Army. Should this Court dismiss the Army as a party on sovereign immunity grounds?

Moreover, because the Petitioner failed to allege an injury traceable to the actions of the Army – and that would be redressed by a favorable decision – the case also raises questions of standing.

## Background

Petitioner Elizabeth Campbell challenges actions taken by the City of Seattle ("City") as the Land Redevelopment Authority ("LRA") for the former Fort Lawton Army Reserve Center ("FLARC") under Washington's Land Use Petition Act ("LUPA") and State Environmental Policy Act ("SEPA"). It appears the Petitioner added the Army to the caption as an afterthought. Not only does she fail to identify a waiver of sovereign immunity that would allow her to bring her state law claims against the Army, but she also fails to state how any action of the Army related to the transfer of the FLARC has, or will, injure her.

The FLARC was a military base located at the north end of the Magnolia neighborhood in Seattle and is still owned by the Army. In 1897, the Seattle Chamber of Commerce and local citizens donated 703 acres of the community's Magnolia Bluff to the Army for use as a base to defend Seattle and northern Puget Sound. Fort Lawton was in active military service through two World Wars, the Korean War, and into the Vietnam War. In 1968, the Army transferred much of Fort Lawton without consideration to the City. This land became Discovery Park, the City's largest park.

NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 3
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

While most of the Fort was given to the City, the Army retained 46.08 acres that contains the former FLARC.

In September 2005, the Base Realignment and Closure ("BRAC") Commission recommended and Congress approved the closure of the FLARC and realignment of essential missions to a new United States Army Reserve Command. The closed FLARC property is now excess to the needs of the Federal Government. As a result, the Army is disposing of the former FLARC pursuant to the BRAC statutes and regulations.

The BRAC Act of 1990 provides the basic framework for the transfer and disposal of military installations identified for closure by the BRAC Commission. Base Closure and Realignment Act of 1990, Pub. L. No. 101-510, Title XXIX of the National Defense Authorization Act for Fiscal Year 1991, enacted November 5, 1990, as amended. This process is largely governed by Department of Defense ("DoD") regulations. *See* 32 C.F.R. § 176 and DoD 4165.66-M, *Base Redevelopment and Realignment Manual*, (March 1, 2006, Change 1, August 31, 2018).

Once an installation is approved for closure, communities around the installation are required to organize a Local Redevelopment Authority ("LRA") to create a redevelopment plan for the property. BRAC requires the Secretary of Defense to determine whether to close an installation whether other DoD or federal agencies can use the property. If none can, the excess property is deemed surplus and made available for disposal to non-federal entities through the BRAC law. DoD then publishes notice of availability in the Federal Register and in a newspaper of general circulation in the community near the installation. The LRA then must publish a solicitation for notices of interest from homeless and other interested parties in a newspaper of general circulation in the communities in vicinity of the installation.

After the LRA publishes the required notice, notices of interest submitted by representatives of the homeless and those submitted by other interested parties are considered by the LRA to formulate a comprehensive redevelopment plan for the surplus property. While the redevelopment plan is being developed and notices of interest are received, the LRA or the military department will notify Federal agencies that sponsor public benefit transfers under other applicable federal law. The

NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 4
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

LRA is required to submit the redevelopment plan as part of an application to Housing and Urban Development ("HUD") which determines whether the redevelopment plan appropriately balances the development needs of the community with the needs of the homeless in the community. Once HUD makes a determination that the plan balances the needs of the homeless with the community's other development needs, DoD proceeds with disposal disposes of the surplus property consistent with the redevelopment plan and in consultation with HUD and the LRA.

The BRAC law contains certain statutory deadlines and requirements. However, DOD may, in consultation with the LRA and HUD, extend or postpone any deadline contained in this part on "finding that it is in the interest of the communities affected by the closure/realignment of the installation." 32 C.F.R. § 176.15(a). Furthermore, on a determination and finding of good cause, HUD may, except for deadlines and actions required on the part of DoD, waive any provision of §§ 176.20 through 176.45. *Id*. at 176.15(b).

In May 2006, the DoD recognized the City as the LRA for the FLARC. Shortly thereafter, the City began the process for approving a redevelopment plan as required under BRAC. The Fort Lawton Redevelopment Plan ("FLRP") was completed in September 2008. In October 2008, a neighborhood community organization led by the Petitioner sued the City in state court challenging its adoption of the FLRP under SEPA. *Magnolia Neighborhood Planning Council v. City of Seattle*, 155 Wash. App. 305 (2010). The trial court ruled in favor of the Petitioners and ordered that the city ordinance adopting the FLRP be "declared void and without effect" *Id*. at 311. The City appealed but was ultimately unsuccessful. *See id*. at 322.

On June 28, 2019, Discovery Park Community Alliance and the Petitioner sued the City in the Superior Court of the State of Washington for King County, Cause No. 19-2-17187-1 SEA. The Petitioner alleged the City's actions as the LRA are unlawful, claiming they violate BRAC regulations and state law. On July 17, 2019, the City successfully had the case removed to this Court. Dkt. # 1. On September 19, 2020, this Court granted Petitioners first counsel's motion to withdraw. Dkt. # 14. On February 24, 2020, this Court granted Petitioners second counsel's motion to withdraw. Dkt. # 37. No counsel appeared for Petitioners since its second counsel withdrew in

NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 5
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

February and, on July 28, 2020, Discovery Park Community Alliance was dismissed as a party for lack of counsel. Dkt. # 52. As a result, the sole remaining Petitioner is Ms. Elizabeth Campbell, proceeding *pro-se. See id.*

As federal defendant's motion to dismiss demonstrates, Ms. Campbell's amended complaint failed to state a claim upon which relief can be granted and fails to allege grounds establishing the existence of subject matter jurisdiction. For these reasons, the Army should be dismissed as a party.

**Statement of Facts**

This action involves the former FLARC, which is owned by the Army and located in Seattle. Dkt. 32 at p. 2. The Army is attempting to dispose of the FLARC under the BRAC law. *See id.* at pp. 4-10. The BRAC law and applicable federal regulations provide the basic framework used by the DoD to transfer and dispose of military installations closed under BRAC law. *See id.* at p. 5. In May of 2006, the City was recognized by the DoD as the LRA. *Id.* at 7.

In June 2019, the City passed: (1) a resolution approving a redevelopment plan to submit to HUD and DoD, part of which applies for surplus federal property; (2) an ordinance authorizing an agreement with Seattle Public Schools ("SPS") through which SPS would seek 5-6 acres of that land from the Army for athletic fields to be used jointly by SPS and the City; and (3) an ordinance rezoning a portion of the property. *See Id.* at p. 3.

To challenge these City actions, the Petitioner sued the City a year ago. Dkt. # 1-2. Petitioner is a resident and property owner, living approximately 1-mile from the FLARC. 1 Dkt. # 32, p. 3. She claims to be a "user of Discovery Park," which is adjacent to the FLARC, and that the City's actions will "negatively effect [her] property values." *Id.* at pp. 3, 21. On February 10, 2020, Petitioner filed an Amended Complaint adding the Army and the Seattle Public Schools (SPS) to this complaint. Dkt. # 32. In the Amended Complaint, Petitioner claims the City committed seven errors:

1. The City's redevelopment plan is time barred because it failed to complete and submit the LRA application to the appropriate Military Department and HUD within 270 days as required by 24 C.F.R. § 586. Furthermore, the City never requested a waiver or extension under 32 C.F.R. § 176.15 and

---

1 Petitioner's street address correlates with a building located in the Magnolia neighborhood of Seattle, approximately 1-mile straight line distance from the Fort Lawton Army Reserve Center.

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 6
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

therefore the Department of Defense must comply with 32 C.F.R. § 174.6(c)(2) and proceed to dispose of the FLARC through alternative statutory methods. *See id*. at pp. 10-11.

2. The City/LRA failed to complete conditions precedent to the decision because it did not file a land use application required by Seattle Municipal Code ("SMC") 23.76.04 to rezone the FLARC. *See id*. at pp. 11-12.

3. The City cannot include SPS as a party to the redevelopment plan because SPS did not submit a notice of interest to the City/LRA as required by 24 C.F.R. § 586.20(C)(1)(iii). *See id*. at pp. 12-14.

4. The City must approve the Archdiocesan Housing Authority ("AHA") Lease by Ordinance because the AHA lease exceeds the Director of Finance and Administrative Services authority under SMC 3.127.010(B). *See id*. at pp 14-16.

5. There is no community relations plan that coincides with the FLARC redevelopment proposal as required by the City of Seattle/Office of Housing by law and policy.

6. The City failed to allow public review and comment on the homeless assistance submission required by 32 C.F.R. § 176.20 et seq. *Id*. at pp. 18-19.

7. The City failed to comply with SEPA by not considering all adverse impacts on the environment, and on Discovery Park, after the redevelopment plan changed. *Id*. at p. 20.

Based on these seven errors, the Petitioner pursues four alternative causes of action: under the Washington Land Use Petition Act; for a statutory writ; for a constitutional writ; or under the Washington Uniform Declaratory Judgments Act. *Id*. at pp. 21-22. Campbell's amended petition does not allege any error or other wrongful conduct by any federal defendant.

**Argument**

With regards to the Army, the Petitioner failed to state a claim upon which relief can be granted and likewise failed to establish this Court's jurisdiction over her claims, and therefore the Court should dismiss the Army as a party to this action.

NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 7
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

### I. The Petitioner failed to state a claim upon which relief can be granted.

The Supreme Court has long held that a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed R. Civ. P. 8(a)(2). While this is not a rigorous standard, it requires at a minimum that the complaint afford a party "fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 48 (1957). Ms. Campbell's complaint fails to meet that standard. Furthermore, it is unclear whether Petitioner is attempting to assert a claim under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. ("APA"), which she does not cite. However, to the extent that the Court liberally construes the *pro se* Petitioner's complaint to assert an APA claim challenging the Army's handling of the process under BRAC law, this case should be dismissed for failure to state a claim.

Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. First, Petitioner has not alleged how the Army's handling of the process under BRAC law violates 5 U.S.C. § 706. As explained above, while Petitioner alleges that the City failed to follow the BRAC law, she does not include any allegation against the Army regarding this claim, explaining, for example, how the Army's actions violated BRAC law. *See* Dkt. # 32. What is striking about the complaint is the absence of any alleged actions by the Army. Indeed, while the Army is mentioned by name in the caption and body of the complaint, it is not at all clear what wrong it supposedly committed and what relief is being sought against it. *See id.* Noticeably absent from Petitioner's complaint are any allegations that the Army has in some way wronged her; *e.g.*, there is no allegation that the Army violated any law, statutory or otherwise. *See id*. Even accepting the allegations contained in the Amended Complaint as true, she has failed to state a claim under the APA. For these reasons, this Court should dismiss this case against the Army for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). *See also Child v. Beame*, 417 F.Supp. 1023, 1025 (S.D.N.Y. 1976) ("When defendant is merely named in caption of complaint but is nowhere claimed to have caused plaintiff injury, the complaint against him must be dismissed.").

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 8
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

**II. The Petitioner failed to establish subject matter jurisdiction.**

**A. The Petitioner failed to establish a waiver of sovereign immunity.**

In *Kokkonen v. Guardian Life Ins. Co. of Am.*, the Supreme Court recognized that, "Federal courts are courts of limited jurisdiction," possessing jurisdiction only so far as "authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, this Court must review Ms. Campbell's complaint starting with the presumption that the "cause lies outside this limited jurisdiction." *Id.* To overcome this presumption, Petitioner bears the burden of pleading and proving that this Court has subject matter jurisdiction over the claims alleged in her complaint. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) ("The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists."). As set forth below, Ms. Campbell has failed to meet her burden.

To establish jurisdiction, Ms. Campbell must show that the United States waived sovereign immunity with regard to the claim she wishes to assert. *South Delta Water Agency v. United States, Dep't. of the Interior, Bureau of Reclamation*, 767 F.2d 531, 535 (9th Cir. 1985) ("The district court lacks jurisdiction in a suit against the federal government unless Congress has consented to be sued."). Accordingly, it is incumbent upon Ms. Campbell in bringing this action against the Army to identify a statute wherein Congress "unequivocally expressed [a waiver] in the statutory text." *Dep't of the Army v. Blue Fox, Inc.*, 525 U.S. 255, 261 (1999). *See also*, *Lane v. Pena*, 518 U.S. 187, 190 (1996) ("[W]aivers of sovereign immunity may not be implied."). Petitioner has failed to identify a statute that provides a right of action.

To the extent that the Court liberally construes Petitioner's complaint to assert an APA claim challenging the Army's handling of the process under BRAC law, those claims should be dismissed for lack of subject matter jurisdiction. One of the requirements to invoke the APA is that the challenged decision must be a "final agency action for which there is no other remedy in a court. . . ." 5 U.S.C. § 704. For an agency action to be final, two conditions must be satisfied: "First, the action must mark the 'consummation' of the agency's decision making process–-it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which 'rights or

NOTICE OF MOTION AND MOTION OF THE UNITED STATES ARMY TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT - 9
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

obligations have been determined,' or from which 'legal consequences will flow.'" *Bennett v. Spear*, 520 U.S. 154, 177- 78 (1997) (internal citations omitted). Petitioner does not satisfy either condition for "final agency action," for her challenges to the City's actions related to the BRAC law do not challenge actions that mark the consummation of the Army's decision making process. Thus, under the APA, this Court lacks jurisdiction over the Petitioner's claims.

Because Ms. Campbell's complaint fails to identify any applicable waiver of sovereign immunity to support her claim against the Army, and none are apparent, she has failed to meet her burden of establishing subject matter jurisdiction and the Court should dismiss this case against the Army.2

**B. The Petitioner failed to establish standing.**

Finally, the complaint is dismissible for lack of subject matter jurisdiction because the Petitioner has not sufficiently alleged facts to establish that she has standing to bring this case. Specifically, nothing in the complaint alleges she will suffer any "injury in fact" as a result of any action by the Army related to the BRAC law. This is a fatal defect in the complaint.

A showing of such injury is a prerequisite for bringing a petition for review of an agency action in an Article III court. The Supreme Court has "repeatedly held that an asserted right to have the Government act in accordance with [the] law is not sufficient, standing alone, to confer jurisdiction on a federal court." *Allen v. Wright*, 468 U.S. 737, 754 (1984). A Petitioner must demonstrate injury in fact that is actual or imminent and not conjectural. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Furthermore, this injury must be fairly traceable to the challenged agency action and it must be likely, rather than speculative, that the petitioner's injury will be redressed by a favorable decision. *Id*. at 560-61. Petitioner bears the burden to establish standing. *See Warth v. Seldin*, 422 U.S. 490 (1975).3

---

2 This case is before this Court pursuant to 28 U.S.C. § 1331 (Federal Question). Dkt. No. 1 at 2. While Section 1331 generally grants subject matter jurisdiction to district courts in regards to "actions arising under the Constitution, laws, or treaties of the United States," it does not waive sovereign immunity. *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir. 1983) ("Section 1331 does not waive the government's sovereign immunity from suit."). Therefore, Section 1331 does not relieve Ms. Campbell of her burden to establish that subject matter jurisdiction exists.

3 The Supreme Court has described standing as being "[i]n essence the question 5 . . . of whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Warth*, supra, 422 U.S. at 498. Because Article III

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 10
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

As discussed above, the complaint fails to identify any personal or individual injury flowing to Ms. Campbell from the Army's actions. The complaint simply alleges that Petitioner is a user of Discovery Park and that her property interests will be affected. Dkt. No. 32, p. 4. The complaint does not address how the Petitioner uses Discovery Park. *See* Dkt. No. 32. The complaint does not address how the alleged errors have or will harm her use of the park. *See id*. The complaint does not address how the alleged errors will affect her property values. *See id*. But, more pressingly, the complaint does not allege any action by the Army that resulted in injury to the Petitioner. *See id*. Clearly, standing to sue the Army cannot be based merely on Petitioner's conclusory assertions that her interests will be harmed without showing that she will suffer an "injury in fact" fairly traceable to the Army's actions. As a consequence, she has failed to establish the existence of a necessary constitutional prerequisite to bring this lawsuit.

The amended petition alleges various violations of BRAC laws and regulations by the City, and thus the type of injury which is salient for purposes of standing are those that are procedural in nature. *See id*. That said, the analysis of Article III standing is not fundamentally changed by the fact that a claim involves a "procedural" rather than a "substantive" injury. *National Information and Resource Service v. Nuclear Regulatory Commission,* 457 F.3d 941, 949 (9th Cir. 2006). In a "procedural injury" case, to show a cognizable injury in fact, a petitioner must allege that: (1) the agency violated certain procedural rules; (2) these rules protect a plaintiff's concrete interests; and (3) it is reasonably probable that the challenged action will threaten their concrete interests. *Id*. Stated another way, a procedural injury in the abstract is not alone sufficient to establish standing.

Rather, a plaintiff who asserts a procedural injury does not have standing "absent a showing that the 'procedures in question are designed to protect some threatened concrete interest of his that is the ultimate basis of his standing.'" *Ashley Creek Phosphate,* 420 F.3d at 938 *(quoting Lujan v. Defenders of Wildlife,* 504 U.S. 555, 573 n. 8 (1992)); *see also Nuclear Information and Resource Service v. Nuclear Regulatory Commission, supra*, 457 F.3d at 949-950. Thus it is said that: "[a]

---

of the Constitution limits the role of the judiciary to hearing only "cases" or "controversies," constitutional standing ensures that a petitioner has a sufficient stake in a case to establish a "case" or "controversy." *Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 937 (9th Cir. 2005).

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 11
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

free-floating assertion of a procedural violation, without a concrete link to the interest protected by the procedural rules, does not constitute an injury in fact." *Id.; and see City of Sausalito v. O'Neill*, 386 F.3d 1186, 1197 (9th Cir. 2004) ("[A] cognizable procedural injury exists when a plaintiff alleges that a proper EIS has not been prepared under NEPA when the plaintiff also alleges a 'concrete' interest - such as an aesthetic or recreational interest - that is threatened by the proposed action.")

Measured by these standards, the complaint fails to establish a legally sufficient link between the Petitioner's asserted interests, as a user of Discovery Park and property owner, and any action of the Army under the BRAC law and regulations. *See id*. Specifically, the complaint is devoid of any allegations that establish that the Army violated any procedural rules. *See* Dkt. # 32, p. 10-19. Furthermore, Campbell fails to demonstrate how aspects of the BRAC law allegedly violated by the City were designed to protect her concrete interests. *See id*. Finally, the complaint does not specify how these alleged procedural errors have or will result in an injury in fact to the Petitioner. *See id.* Standing to sue under the BRAC law cannot rest on Ms. Campbell's conclusory allegation that she is a user of Discovery Park and nearby property owner. She must plead and prove that her interests will be directly and adversely affected by some action taken by the Army. The Article III standing requirement cannot be satisfied without an allegation of direct injury resulting from the violation of procedural rules intended to protect the petitioner's concrete interests.

Because the complaint does not allege that the Petitioner will suffer any "injury in fact" as a result to the Army's actions, this Court should dismiss the Army as a party to this case. *See Linda R.S. v. Richard D.,* 410 U.S. 614, 617 (1973) ("[W]e have steadfastly adhered to the requirement that . . . federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction.") (footnotes omitted)).

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 12
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970

## Conclusion

For the foregoing reasons, defendant United States Army respectfully requests that its motion be granted and it be dismissed as a party from this action.

DATED this 26th day of October 2020.

                                                Respectfully submitted,

                                                BRIAN T. MORAN
                                                United States Attorney

                                                *s/ Brian C. Kipnis*
                                                BRIAN C. KIPNIS
                                                Assistant United States Attorney
                                                Office of the United States Attorney
                                                5220 United States Courthouse
                                                700 Stewart Street
                                                Seattle, Washington 98101-1271
                                                Phone: 206-553-7970
                                                Fax:    206-553-4073
                                                E-mail: brian.kipnis@usdoj.gov

                                                Attorneys for Defendant United States Army

Of Counsel:

MAJ Michael Thomas Davis
Litigation Attorney
Environmental Law Division
U.S. Army Legal Services Agency

NOTICE OF MOTION AND MOTION OF THE UNITED
STATES ARMY TO DISMISS; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT - 13
(Case No. C19-1105-JCC)

UNITED STATES ATTORNEY
5220 UNITED STATES COURTHOUSE
700 Stewart Street
Seattle, Washington 98101-1271
(206)-553-7970