THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELIZABETH CAMPBELL,<br><br>            Petitioner,<br><br>    v.<br><br>CITY OF SEATTLE, *et al.*,<br><br>            Respondents. | CASE NO. C19-1105-JCC<br><br>ORDER |

       This matter comes before the Court on Respondent the United States Department of the Army's motion to dismiss (Dkt. No. 60). Having considered the parties' briefing and the relevant record, the Court GRANTS the motion for the reasons explained herein.

       The Court previously granted the City of Seattle's motion to join the Army as a respondent in this action (Dkt. No. 25). At the time, Petitioners[1] did not oppose the City's motion and the Court concluded that (a) joinder was appropriate under Washington's Land Use Petition Act, Wash. Rev. Code Chapter 36.70C, and (b) doing so would not deprive the Court of subject matter jurisdiction over Petitioners' claims against the City. (*Id.* at 2.) Petitioners subsequently filed an Amended Petition ("Petition"), which named the Army as a respondent, although it contained no allegations or legal claims directed at the Army (*See generally* Dkt. No. 32). The

---

[1] Discovery Park Community Alliance was subsequently dismissed from the case for lack of counsel, (Dkt. No. 52), leaving Elizabeth Campbell as the sole petitioner in this matter.

Army now moves to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Dkt. No. 60.)

1.   Army's Rule 12(b)(1) Motion

A Rule 12(b)(1) motion tests whether a court has subject matter jurisdiction to hear the claims alleged. Fed. R. Civ. P. 12(b)(1). Once a party presents a Rule 12(b)(1) motion, the party asserting jurisdiction bears the burden of establishing it. *Ass'n of Am. Med. Coll. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000). The Army argues that any potential claims against it are barred by its sovereign immunity and, regardless, the Petition fails to establish Ms. Campbell's standing to bring claims against the Army. (Dkt. No. 60 at 8–13.) The Court agrees.

"The district court lacks jurisdiction in a suit against the federal government unless Congress has consented to be sued." *S. Delta Water Agency v. U.S., Dep't of Int., Bureau of Reclamation*, 767 F.2d 531, 535 (9th Cir. 1985). While a claim brought pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, is an example of Congressional consent to sue, *see* 5 U.S.C. § 704, a *colorable* APA claim requires a final agency action causing, or likely to cause, injury. *See Ashley Creek Phosphate Co. v. Norton*, 420 F.3d 934, 940 (9th Cir. 2005). Ms. Campbell alleges *neither* a final agency action *nor* an injury proximately caused by the Army. (*See generally* Dkt. No. 32.) As a result, she has failed to establish standing and, therefore, the Court lacks subject matter jurisdiction to award her the relief she seeks against the Army. *See Nuclear Info. and Resource Serv. v. Nuclear Reg. Comm'n*, 457 F.3d 941, 949 (9th Cir. 2006); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

For the foregoing reasons, the Army's motion to dismiss pursuant to Rule 12(b)(1) (Dkt. No. 60) is GRANTED.[2] The Army is DISMISSED without prejudice. Because the infirmities in the Petition may be curable through amendment, *see Sonoma Cnty. Ass'n of Retired Emp. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013), Ms. Campbell may amend the Petition, but only to include allegations and legal claims against the Army. Amendment must be done within

---

[2] The Court need not consider the Army's Rule 12(b)(6) motion.

ORDER
C19-1105-JCC
PAGE - 2

fourteen (14) days of this order. An amendment received beyond this date will not be considered.

DATED this 29th day of April 2021.

*[signature: John C. Coughenour]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE